STATE ex Buehler Print. Co. v. FRENCH et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9436.   Decided July 6, 1928.

(Louis T. Farr, Lisbon, Ohio, James W. Roberts, Jefferson, Ohio, of the 7th Dist., and Ross W. Funk, Wooster, Ohio, of the 9th Dist., sitting.)

**First Publication of This Opinion.**
Syllabus by Editorial Staff.

CONTRACTS.

(150 P7d)   Lowest and best bid means not only the bid by the one whose pecuniary ability to perform the contract is best, but the one in point of skill, ability and integrity who is most likely to do faithful, conscientious work and fulfill the contract promptly according to its letter and spirit. Failure of board awarding public contract to make reasonable effort to ascertain qualification of lowest bidder, together with evidence that such bidder is fully equipped and qualified to perform terms of proposed contract, sufficient grounds for injunction against letting contract to higher bidder.

Appeal from Common Pleas.
Findings approved.

Robert A. Good, Cleveland, for State ex.
Boyd, Cannon, Brooks & Wickham, Cleveland, for French, et.

STATEMENT OF FACTS.

This is an action by a taxpayer to enjoin the Board of Deputy State Supervisors and In-spectors of Elections from awarding a contract to The Brooks Company for the printing and preparation of the official ballots for the August, 1928, primary election. The case is in this Court on appeal from the judgment of the Court of Common Pleas.

PER CURIAM.

There can be no question but that the "lowest responsible bid" means "not only the bid by the one whose pecuniary ability to perform the contract is best, but the one in point of skill, ability and integrity who is most likely to do faithful, conscientious work and fulfill the contract promptly according to its letter and spirit."

The only question at issue as disclosed by the record and admissions and arguments of counsel is, did the Board make a reasonable effort to ascertain whether or not the lowest bidder was competent and fully qualified to properly and promptly perform the terms of the proposed contract.

The record wholly fails to show that the Board made any reasonable effort to ascertain the qualification of The Buehler Printcraft Company which was the lowest bidder, their bid being $5200.00 and the bid accepted being $7487.00 and upon which latter bid a contract is admittedly sought to be entered into.

From our examination of this record we are clearly of the opinion that the Board did not make a proper and reasonable effort to ascertain the qualifications of The Buehler Printcraft Company to perform the terms of the proposed contract to print the ballots for the primary election.

Furthermore, the record shows that The Buehler Printcraft Company is fully equipped and qualified to perform the terms of the proposed Contract.

It therefore follows, and this Court finds that the Board abused its discretion in accepting the bid of the defendant, the Brooks Company, and in attempting to enter into Contract with it. The injunction is therefore allowed and made perpetual as prayed for and an entry may be prepared similar to the decree in Common Pleas Court except that the attorney fee allowed for plaintiff's attorney is fixed at $300.00 which is to include his services in both Courts.

(Farr, Roberts and Funk, JJ., concur.)